**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001040**
**02-FEB-2018**
**08:04 AM**

NO. CAAP-14-0001040

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
KYE WAN CHAMBLESS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-14-00488)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Chan, JJ.)

The State of Hawai'i (State) charged Defendant-Appellant Kye Wan Chambless (Chambless) with operating a vehicle under the influence of an intoxicant (OVUII) (Count 1); and refusal to submit to breath, blood, or urine test (Refusal to Submit to Testing) (Count 2). After a bench trial, the District Court of the First Circuit (District Court)[1] found Chambless guilty as charged on both counts.

---

[1] The Honorable Alvin K. Nishimura presided.

Chambless appeals from the District Court's Judgment entered on July 8, 2014. On appeal, Chambless contends that: (1) the Refusal to Submit to Testing charge was defective; (2) the OVUII charge was defective; (3) trial counsel provided ineffective assistance; (4) the District Court failed to obtain a valid waiver of her right to testify pursuant to Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995); (5) her Refusal to Submit to Testing conviction must be reversed because the statutes on which it was based are unconstitutional; (6) without Officer Jolon Wagner's inadmissible opinion testimony, there was insufficient evidence to convict her of OVUII; (7) there was insufficient evidence to show that she was under the influence of "alcohol" as that term is defined by statute; and (8) there was insufficient evidence to support her Refusal to Submit to Testing conviction. We reverse Chambless' conviction for Refusal to Submit to Testing, and we vacate Chambless' OVUII conviction and remand the case for a new trial on the OVUII charge.

I.

We resolve Chambless' points of error as follows.

A.

Based on the analysis in the Hawai'i Supreme Court's decision in State v. Won, 137 Hawai'i 330, 372 P.3d 1065 (2015), we conclude that the State was precluded from prosecuting Chambless for Refusal to Submit to Testing. State v. Wilson, No. CAAP-15-0000682, 2018 WL 564771, at *1-8 (Hawai'i App. Jan. 26, 2018). We therefore reverse Chambless' Refusal to Submit to Testing conviction. Accordingly, we need not specifically address Chambless' points of error 1, 5, and 8.

B.

Chambless contends that the OVUII charge was defective for failing to define the term "alcohol." This contention is without merit. State v. Tsujimura, 137 Hawai'i 117, 120-21, 366 P.3d 173, 176-77 (App. 2016) (holding that an OVUII charge was not defective for failing to allege the statutory definition of

2

"alcohol"), vacated on other grounds, 140 Hawai'i 299, 400 P.3d 500 (2017).

Chambless also argues that there was insufficient evidence to show that she was under the influence of "alcohol" because the statutory definition of alcohol only encompasses alcohol that is the product of distillation. We also rejected this argument in Tsujimura. Id. at 121-22, 366 P.3d at 177-78, vacated on other grounds, 140 Hawai'i 299, 400 P.3d 500 (2017).

C.

Chambless contends that her trial counsel provided ineffective assistance in failing to object to Officer Wagner's opinion testimony that she showed numerous signs of impairment based on her performance on the field sobriety tests. Chambless contends that her counsel should have objected on the ground that a proper foundation had not been laid to show that Officer Wagner was qualified to render an opinion as to her impairment based on his assessment of the field sobriety tests. Chambless also argues that without this opinion testimony, there was insufficient evidence to support her OVUII conviction. We conclude that Chambless is not entitled to relief on these claims.

Assuming arguendo that the State failed to lay a sufficient foundation regarding Officer Wagner's qualifications to render an opinion as to Chambless' impairment based on his assessment of the field sobriety tests, the failure of Chambless' counsel to object on this ground did not affect Chambless' substantial rights. Regardless of whether Officer Wagner was qualified to render such an opinion, it was permissible for him to testify about his observations regarding Chambless' physical performance on the walk-and-turn and one-leg-stand tests. State v. Ferrer, 95 Hawai'i 409, 426-47, 23 P.3d 744, 761-61 (App. 2001). Officer Wagner's testimony about Chambless' actions in performing these two tests provided evidence that she was impaired.

3

Officer Wagner testified that on the walk-and-turn test, Chambless was unable to maintain her stance during the instructions, started too soon, raised her arms to keep her balance, and did not take the correct number of steps. On the one-leg stand test, Officer Wagner observed that Chambless swayed from side to side and raised her arms. In addition, the State presented testimony that Chambless was driving at night without her headlights on while entering the freeway;[2] Chambless told the officer who stopped her that she had been drinking; Chambless' eyes were red and watery; and her vehicle smelled of alcohol.

We conclude that Chambless has not established her claim of ineffective assistance of counsel. With respect to Chambless' insufficiency of evidence claim, the general rule is that "evidence to which no objection has been made may properly be considered by the trier of fact and its admission will not constitute ground for reversal." State v. Naeole, 62 Haw. 563, 570, 617 P.2d 820, 826 (1980). Moreover, even without Officer Wagner's opinion testimony regarding Chambless' impairment based on his assessment of the field sobriety tests, there was sufficient evidence to support her OVUII conviction.

D.

Chambless contends that the District Court failed to obtain a valid waiver of her right to testify because its end-of-trial Tachibana advisements were defective. The State argues that because of the short duration between the pretrial and end-of-trial advisements, the District Court's pretrial advisements served to compensate for the deficiencies in the District Court's end-of-trial advisements. However, in State v. Eduwensuyi, SCWC-16-0000558, 2018 WL 460089, at *7 (Hawaiʻi Jan. 18, 2018), the Hawaiʻi Supreme Court found this reasoning to be "inherently problematic." We conclude that the District Court failed to obtain a valid waiver of Chambless' right to testify and that this error was not harmless.

_____

[2] The District Court found that Chambless' entering the freeway without her lights on showed that her ability to care for herself and guard against casualty were impaired.

II.

Based on the foregoing, we reverse the District Court's Judgment with respect to Count 2. We vacate the District Court's Judgment with respect to Count 1, and we remand the case for a new trial on that count.

DATED: Honolulu, Hawai'i, February 2, 2018.

On the briefs:

Alen M. Kaneshiro
for Defendant-Appellant

Sonja P. McCullen
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Robert T. Nakatsuji
Deputy Solicitor General
Department of the Attorney General
for Amicus Curiae

*Craig H. Nakamura*

Chief Judge

*[signature]*

Associate Judge

*[signature]*

Associate Judge